1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SCOTT HOUNIHAN, | Case No.  1:24-cv-00198-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| SHIRK, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE |
| Defendant. | |
| | (ECF No. 7) |
| | **FOURTEEN (14) DAY DEADLINE** |

## I.    Background

Plaintiff Jason Scott Hounihan ("Plaintiff") is a former county jail inmate proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On August 16, 2024, the Court screened the complaint and found that it failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim for relief.  (ECF No. 7.)  The Court issued a screening order granting Plaintiff leave to file a first amended complaint or a notice of voluntary dismissal within thirty (30) days.  (*Id.*)  The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice.  (*Id.* at 5.)  Plaintiff failed to file an amended complaint or

1

1  otherwise communicate with the Court, and the deadline to do so has expired.

2  **II.**   **Failure to State a Claim**

3      **A.**   **Screening Requirement**

4          The Court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

6  § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

7  or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

8  relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

9          A complaint must contain "a short and plain statement of the claim showing that the

10  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

11  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

12  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell*

13  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

14  true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

15  572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

16          To survive screening, Plaintiff's claims must be facially plausible, which requires

17  sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

18  for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

19  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

20  is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

21  standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

22      **B.**   **Plaintiff's Allegations**

23          It appears that Plaintiff is no longer in custody.  The events in the complaint allegedly

24  arose while Plaintiff was housed at the Bob Wiley Detention Center in Visalia, California.

25  Plaintiff names Judge Shirk, Judge at Superior Court Visalia, Tulare County, as the sole

26  defendant.  Plaintiff alleges as follows:

27          Case No. 378259 VCF in my 2021 appeal on this case had violations of my due
        process rights, that were reversed and never corrected.  Now my due process
28          rights have been violated again at my preliminary hearing by Judge Shirk asked

2

on the record for an expert to testify as to the alleged substance which was a due
process right in my 14th Amendment that was clearly violated with deliberate
indifference. Once again, which is unjust. (as well as my 6th Amendment rights
blatently violated).

(ECF No. 1, p. 3 (unedited text).)

As remedies, Plaintiff wants Case No. 434911 dismissed and the restitution from Case No.
378259 dismissed and the reversed crimes to be off his record.  Plaintiff also seeks compensatory
and punitive damages.

### C.    Discussion

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to
state a cognizable claim under 42 U.S.C. § 1983.

### 1.    Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain
statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).
Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause
of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678
(citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a
claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.
at 555).  While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also
Twombly*, 550 U.S. at 556–57.

Although Plaintiff's complaint is short, it is not a plain statement of his claims. As a basic
matter, the complaint does not clearly state what happened, when it happened or who was
involved.

### 2.    Linkage Requirement

The Civil Rights Act under which this action was filed provides:

Every person who, under color of [state law] ... subjects, or causes to be subjected,
any citizen of the United States ... to the deprivation of any rights, privileges, or
immunities secured by the Constitution ... shall be liable to the party injured in an
action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

3

the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff has identified one defendant, but it is unclear what defendant did or did not do that resulted in a violation of his constitutional rights.  Plaintiff is cautioned that a judge has absolute immunity from suit, as described below.

### 3.      Judicial Immunity

To the extent Plaintiff is attempting to bring suit against the state superior court judge based on judicial rulings, he may not do so.  Absolute immunity is generally accorded to judges functioning in their official capacities.  *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir.2004).  "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."  *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967).  Judicial immunity "is an immunity from suit, not just from the ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.").  Accordingly, Plaintiff's claims against the state superior court judge arising from alleged violation of Sixth and Fourteenth Amendments are not cognizable.

### 4.      Habeas Corpus

To the extent Plaintiff is attempting to challenge the legality of his custody, he may not do so in a Section 1983 proceeding.  When a prisoner is challenging the legality or duration of his custody, and the relief he seeks is immediate or speedier release, his sole federal remedy is habeas corpus.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Further, relief under § 1983 for an allegedly unconstitutional conviction or imprisonment does not accrue until the conviction or sentence has been invalidated.  *Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994).

III.     **Failure to Prosecute and Failure to Obey a Court Order**

A.     **Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

B.     **Discussion**

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order.  The Court cannot effectively manage its docket if Plaintiff ceases litigating his case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes

1  progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products*

2  *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

3   Finally, the Court's warning to a party that failure to obey the court's order will result in

4  dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

5  *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's August 16, 2024 screening

6  order expressly warned Plaintiff that his failure to file an amended complaint would result in a

7  recommendation of dismissal of this action, with prejudice, for failure to obey a court order and

8  for failure to state a claim.  (ECF No. 7, p. 5.)  Thus, Plaintiff had adequate warning that dismissal

9  could result from his noncompliance.

10   Additionally, at this stage in the proceedings there is little available to the Court that

11  would constitute a satisfactory lesser sanction while protecting the Court from further

12  unnecessary expenditure of its scarce resources.  As Plaintiff is proceeding *in forma pauperis* in

13  this action, it appears that monetary sanctions will be of little use and the preclusion of evidence

14  or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

15  **IV.**   **Conclusion and Recommendation**

16   Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a

17  District Judge to this action.

18   Furthermore, the Court finds that dismissal is the appropriate sanction and HEREBY

19  RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim

20  pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to

21  prosecute this action.

22   These Findings and Recommendation will be submitted to the United States District Judge

23  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

24  **(14) days** after being served with these Findings and Recommendation, Plaintiff may file written

25  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

26  Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

27  ///

28  ///

6

specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 1, 2024**               /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE